UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LUIS BLANCO VIZCAINO,

Petitioner,

v. Case No. 3:26-cv-918-MMH-PDB

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner Jose Luis Blanco Vizcaino, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1). He is proceeding on an Amended Petition (Doc. 4). The crux of Blanco Vizcaino's Amended Petition is that he is subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him to a bond hearing. See Doc. 4 at 9–10. As relief, he asks the Court to direct his immediate release or direct Respondents to provide him with an individualized bond hearing. Id. at 10.

Since the filing of this action, Blanco Vizcaino received a bond hearing; the immigration judge denied bond. See Doc. 9-1 at 21–24. Therefore, the Court finds the Petition to be moot.[1] To the extent Blanco Vizcaino disagrees with

---

[1] Blanco Vizcaino is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority

the outcome of the bond hearing, he may appeal the immigration judge's decision to the Board of Immigration Appeals. See 8 C.F.R. § 1003.1(b)(7). Or, he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. See 8 C.F.R. § 1003.19(e).

Accordingly, it is **ORDERED**:

1. Blanco Vizcaino's Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DISMISSED as moot**.

2. Blanco Vizcaino's Motion to Expedite (Doc. 10) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Amended Petition as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/29
c:
Counsel of record

---

position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).